Shaw C. J.
This was assumpsit to recover various sums, but the only question raised by the report and discussed at the trial, was as to the claim of the plaintiff on a quantum meruit, for services in the defendant’s factory at Watertown. It was conceded upon the trial, that the business of the factory was carried on in the sole name of the defendant, and that the plaintiff performed the services therein, as superintendent, as alleged. The defence was, that by an agreement between the parties, the business was to be carried on for the joint account of the parties, who were to share in the profit and loss thereof, in certain proportions. No question was made by the plaintiff’s counsel, that if such were the agreement, the plaintiff is not entitled to recover upon the quantum meruit. The principal question submitted to the Court was, whether the verdict, which was for the plaintiff, was against the weight of the evidence. Without recapitulating this evidence, which was voluminous, and much of it in paper, the Court are of opinion, that the verdict is so manifestly against the weight of the evidence, as to induce a belief that the jury acted under some mistake or misapprehension, and therefore that there ought to be a new trial.
In the course of the trial, a paper was offered in evidence *76 by the defendant, which was objected to by the plaintiff but was admitted to go to the jury. It purported to be a memorandum, in the handwriting of the plaintiff, produced by the defendant, containing the terms of an agreement to carry on the business on their joint account, upon certain proportions of profit and loss, but this paper was not signed by either party. The Court are all of opinion, that this paper was competent evidence to go to the jury, not as conclusive evidence of an agreement, but as an item of proof, to be weighed and considered in connexion with the other evidence. At least it tended to show, that such an agreement as to the mode and terms of carrying on this business, had been in contemplation by the parties ; and if other evidence, such as the acts, doings and declarations of the parties, the mode of transacting busi ness and keeping the accounts, and the dealings with others, tended to show that there was such an agreement to share profit and loss, such a memorandum might corroborate such other evidence.
A circumstance was strongly relied upon to show that the defendant himself, and those who now claim the property ol the concern under him, did not understand or consider that there was a partnership between the parties ; which was, that the defendant assigned the whole of the capita] stock of this concern, as his own several property, and this assignment was given in evidence. The Court are of opinion that little or no weight can properly be given to this circumstance, in deciding the present question. For although, where there is an agreement between parties to share profit and loss, the law to many purposes considers the parties as partners, and as such holds them liable to third persons for all the debts of the concern, yet this is so held principally upon considerations of policy, without any strict regard to the relations and rights of the parties, between themselves ; therefore a case may well exist, where the parties are to share profit and loss, and therefore in regard to creditors are to be deemed partners, and yet where all the capital being furnished by one, and by the nature of the agreement the property being to remain his, the other party would not necessarily have any proprietary inte, est in the capital stock. A conveyance of the whole stock therefore by one *77 wno has furnished the whole capital, and in whom as between themselves, the whole may be deemed to be vested, has no tendency to show, that there was not an agreement to share profit, and loss, which would constitute a qualified partnership, or, whether it did so or not, would exclude the right of the other to recover for his services in the concern, upon a quantum meruit. If such was the nature of the agreement between these parties, the assignment of the whole capital stock by the defendant was not inconsistent with it, or incompatible with the relations established by it.
JVeio trial granted